UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAURICE HEMINGWAY,

v.  Case No. 8:07-cr-391-T-17MAP
 8:10-cv-1053-T-17MAP

UNITED STATES OF AMERICA.
_____

O R D E R

      This cause is before the Court on Defendant Maurice Hemingway's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence.  In the motion, he accuses trial counsel of several instances of ineffective assistance of counsel, including failing to file a notice of appeal. It has been this Court's experience that such a claim must be brought before the Court at considerable expense and inconvenience to the United States Marshals Service,[1] as well as the United States Attorney's Office which must utilize its overstretched resources by having an Assistant United States Attorney respond to the motion and later prepare for and attend a hearing.  Additionally, in light of the Eleventh Circuit's opinion in *Gomez-Diaz v. United States*, 433 F.3d 788 (11th Cir. 2005), the fact that the Defendant executed a written plea agreement in which he waived his right to

---

[1] In this case, Defendant would have to be transported from Ashland, Kentucky.

appeal and collaterally challenge his sentence in the underlying criminal case,[2] does not foreclose him from raising an ineffective assistance of counsel claim based on trial counsel's alleged failure to pursue a direct appeal. Finally, in light of the thorough and comprehensive inquiry this Court always undertakes with all defendants with regard to the standard waiver of appeal provision contained in the plea agreement, the Court is confident that any direct appeal pursued by the defendant will result in a dismissal of that appeal pursuant to *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993), after the Government employs the simple and inexpensive procedure established in *United States v. Buchanan*, 131 F. 3d 1005 (11th Cir. 1997).

In light of the foregoing, the Court concludes that the interest of judicial economy would best be served by granting the motion to vacate, but only to the extent that defendant will be afforded an out-of-time appeal pursued by appointed counsel. In doing so, the Court will utilize the procedure mandated by the Eleventh Circuit in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court emphasizes that this determination to grant Defendant Hemingway a belated appeal in his related criminal case is made only in the interest of judicial economy and is not to be construed as a determination on the merits that trial counsel was in any manner ineffective in his representation of the defendant in the prior criminal proceedings.

Accordingly, the Court orders:

1. The motion to vacate (Doc. cv-1) is granted, but only to the extent that defendant Hemingway may file a belated appeal in the related criminal case.

---

[2] *See* case no. 8:07-cr-391-T-17MAP, Document No. 276.

2. The Court will enter an order in the related criminal case vacating the original judgment and imposing the identical sentence in an amended judgment.

3. The Clerk is directed to enter judgment for Defendant Hemingway and to close this case.

ORDERED at Tampa, Florida, on May 7, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

```
Magistrate Judge Mark A Pizzo
Counsel of Record
Cindy Leigh-Martin, Courtroom Deputy
Maurice Hemingway
```